# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA JELLEY and JOSEPH F. SALCE, | ) ) ) | Civil Action No. 17-1221 |
| Plaintiffs, | ) ) | |
| v. | ) ) | United States Magistrate Judge Cynthia Reed Eddy |
| COLTON AUTO, INC. D/B/A COLTON RV, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is a Motion to Change Venue filed on behalf of Defendant Colton Auto, Inc. (ECF No. 11). Defendant requests that this action be transferred to the United States District Court for the Middle District of Pennsylvania. For the reasons stated herein, the motion will be granted.[1]

I.   Facts as Alleged in the Complaint and Procedural History

   a.   The Present Action

This is a product liability action filed to recover for personal injuries suffered by the plaintiffs, Brenda Jelley and Joseph F. Salce, arising from a recreational vehicle (RV) fire which occurred in Monroe County, Pennsylvania on September 18, 2015. (Complaint ¶¶ 14-18). We have a diversity jurisdiction. 28 U.S.C. § 1332.

The facts as alleged are as follows. Both plaintiffs reside at 646 West Philadelphia Street Extension, Armagh, Indiana County, Pennsylvania. Defendant is a New York RV dealer with its

---

[1] Under the Federal Magistrate Judges Act ("the Act), a Magistrate Judge's jurisdiction may be conferred by consent of the parties. 28 U.S.C. § 636(c). Under the Act, "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). The parties have consented to jurisdiction by a Magistrate Judge. [ECF No. 24-2].

1

principal place of business located at 3122 Niagara Falls Boulevard, North Tonawanda, New York. (Complaint ¶¶ 2-5). The vehicle involved was a 2008 Georgie Boy Cruise Master RV sold by Defendant to Plaintiff Jelley's daughter, Lindsay A. Jelley, also a Pennsylvania resident in August, 2015 from its dealership near Buffalo, New York. (Complaint ¶¶ 7-8). On or about August 18, 2015, the Plaintiffs picked up the Cruise Master at the Defendant's second location at 3443 Southwestern Boulevard, Orchard Park, New York and drove the vehicle back to Pennsylvania. (Complaint ¶ 8). While driving the vehicle from New York into Pennsylvania, the Plaintiffs noticed the smell of fuel inside the RV. (Complaint ¶ 9). After returning to their residence, Plaintiff Salce called the Defendant to schedule an appointment to have the service department inspect the vehicle and make any necessary repairs to eliminate the odor in inside the RV. (Complaint ¶ 10). On or about August 24, 2015, Plaintiffs returned to the Defendant's dealership for the scheduled appointment and an employee of the Defendant drove the vehicle back to the service area. (Complaint ¶ 11.) After a very short time, an employee of the Defendant returned advising the Plaintiffs that the RV was inspected and that there was no defect in the fuel system or engine and that the RV was safe to drive. (Complaint ¶ 12). The Plaintiffs were informed by the Defendant's agent and/or employee that the engine in the vehicle had only 9,000 miles and was "like new" and further, that continued driving should eliminate the odor. (Complaint ¶ 13). The vehicle was licensed in Pennsylvania where it was owned and garaged in Indiana County, which is within the Western District of Pennsylvania. 28 U.S.C. § 118(c).

The fire occurred on September 18, 2015 as the RV was driven along State Route 611 at or near Mount Pocono Borough in Monroe County, which is located in the Middle District of Pennsylvania. 28 U.S.C. § 118(b). The vehicle suddenly and without warning began to smoke

2

and was within minutes consumed by flames. (Complaint ¶¶ 14-16).[2] The Plaintiffs allege negligence, breach of warranty, and strict liability.

Plaintiffs filed this action on September 18, 2017. On October 25, 2017 Defendant filed an Answer to the Complaint (ECF No. 5). The Defendant filed the motion to transfer on December 1, 2017. The matter has been fully briefed and is ripe for disposition.

    b. The State Court Action

Defendant has attached to its motion to transfer a copy of a Complaint filed on November 22, 2017 in the Court of Common Pleas of Monroe County, Pennsylvania ("the state action"), by Christopher Chmielnicky. He sues all the parties to the above-encaptioned federal action, plus Lindsay Jelley, the owner of the RV. (ECF No. 11-1).

Through the allegations in that complaint we learn more about what may have transpired on the day of the fire. Salce is alleged to have been the driven the RV on the day of the fire, with permission of the owner, Linda Jelley.[3] Brenda Jelley, her mother, was a passenger in the RV. When a motorist alerted Salce that smoke was coming from the rear of the RV, he pulled over, exited the RV, and saw smoke coming from the rear engine compartment. Brenda Jelley was pulled out of the RV by a (non-party) bystander, was told to sit on the sidewalk and wait for emergency services, but reentered the burning RV to search for her cat. Plaintiff Chmielnicky is

---

[2] In Count I Plaintiffs allege negligence, specifically, in selling a defective and dangerous vehicle; in failing to properly inspect and repair the fuel leak; in advising the Plaintiffs that the Cruise Master RV was safe to drive; in failing to inspect, repair and/or replace the defective smoke detectors; in failing to warn users of the defects in the RV; in failing to inspect, prepare, and make necessary repairs before selling the RV; in failing to keep the vehicle off of the road when it was brought in with the complaint involving the fuel odor; in failing to properly inspect and road test the vehicle which would have revealed the defects prior to its sale; and in otherwise being careless, reckless and negligent under the circumstances presented. (Complaint ¶30 a-i). Count II is a breach of warranty claim, including breach of expressed warranty, implied warranty of merchantability and fitness for a particular purpose. (Complaint ¶¶ 33, 34). Count III alleges strict liability pursuant to Section 402(a) of the Restatement (Second) of Torts "because it sold into commerce a product which was defective, because it failed to warn ultimate users of said defect, because its product malfunctioned and because it failed to adequately inspect and test the same" and because Defendant made to the public and Plaintiffs, through advertising and other means, misrepresentations of material facts concerning the safety and quality of the subject RV." (Complaint ¶¶ 37, 38)

[3] It is alleged that Lindsay Jelley also resides at 646 W. Philadelphia Street in Armagh, Pennsylvania.

seeking to recover damages for injuries he suffered when he entered the RV, which was engulfed in flames, crawled through the smoke to the back of the RV, and dragged an unconscious Jelley to the entrance of the RV, whereupon, with assistance, he placed her onto the sidewalk area. Chmielnicky is a resident of Scotrun Pennsylvania, located in the Middle District of Pennsylvania.

In Count I Chmielnicky sues Lindsay Jelley, the owner of the RV who is not named in the above encaptioned action, for negligence in maintenance and/or repair of the RV, failing to properly inspect it to confirm it was safe to operate, allowing Salce and Brenda Jelley to operate it even though it was unsafe to drive, and failing to issue adequate warnings. Counts II and III allege negligence as to Salce and Brenda Jelley, respectively, in that they knew or should have known that operating the RV created a hazardous condition, and for reasons similar to those alleged as to owner Lindsay Jelley. Notably, Chmielnicky has also sued Colton RV, Defendant herein, alleging at Count IV negligence and at Count V strict liability. Thus, Colton RV will have to defend itself in the state action as well as this one.

II.     DISCUSSION

In support of its motion, Defendant argues that because all of the parties in this case are also defendants in the state court action, discovery in both actions will be duplicative, including deposition testimony of Chmielnicki, who witnessed the incident.

Plaintiffs oppose the transfer, noting that because this case is a product liability action seeking redress for defendant's alleged failure to adequately prepare, inspect and repair the newly purchased vehicle for resale, all of these actions occurred at the defendant's facility in Buffalo, New York. According to plaintiffs the only connection with Monroe County and the Middle District is the location of the fire. Defendant explains the RV was completely consumed

by the fire leaving only the burnt frame. The local officials were unable to determine the exact source of the fire from the wreckage.

According to 28 U.S.C. 1391(a), venue is proper only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

It is alleged that Defendant owned and operated a dealership involving the retail sales and servicing of recreational vehicles ("RVs") that were advertised, promoted and sold to Pennsylvania residents through newspaper, magazine and internet ads, as well as through its participation in trade and RV shows within the Commonwealth of Pennsylvania and as part of its business also delivered vehicles into Pennsylvania to customers of this state. (Complaint ¶ 5). Taking these allegations as true, it is reasonable to infer—at least for purposes of this Motion—that at least some of the events giving rise to the Complaint may have occurred in the Western District of Pennsylvania.

Plaintiff does not dispute that venue is proper in either this district or the proposed district, stating, "venue is proper in the Western District of Pennsylvania in that it is where the plaintiffs reside, the defendant transacts business, and the recreational vehicle that is the subject of this litigation was owned, licensed and garaged. It is agreed that venue may also be proper in the Middle District of Pennsylvania, where the vehicle fire occurred." (ECF No. 14 at 2). Defendant argues that venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391 (2) because the fire occurred in Monroe County, Pennsylvania, but even if venue is proper

5

in this district, we are permitted to transfer the action for the convenience of the parties and witnesses, and in the interest of justice.

The discretionary transfer statute, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995), the Court of Appeals for the Third Circuit set forth a number of private and public factors that courts must balance when determining whether to transfer the case under §1404(a). Defendant that has the burden of proving that the alternate forum court is far better to adjudicate the case. *Jumara,* 55 F.3d at 879. The burden is on the defendant to show the proposed alternative forum is not only adequate, but also more convenient than this Court. *Id.*

The purpose of allowing § 1404(a) transfers is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Mosaid Techs., Inc. v. Sony Ericsson Mobile Communications (USA), Inc.*, 885 F. Supp. 2d 720, 723 (D. Del. 2012) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Accordingly, the court must undertake a balancing test comprised of various public and private interest factors. *Jumara*, 55 F.3d at 879. Analyses of transfers under § 1404(a) are "flexible and must be made on the unique facts of each case." *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227 (D. N.J. 1996) (internal quotations omitted). The court's discretion is broad in deciding whether to transfer. *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 458–59 (E.D. Pa. 2013).

The private *Jumara* factors include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the

convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Jumara,* 55 F.3d at 879. Moreover, the Court must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive" for the parties. *Atlantic Marine*, 134 S. Ct. at 581 & n. 6.

Plaintiffs' forum preference as manifested by its original choice is that the case remain here. As a general rule, a plaintiff's choice of venue is of paramount consideration and "should not be disturbed lightly." *In re Amkor Tech., Inc. v. Sec. Litig.*, No. 06-298, 2006 WL 3857488, at *3 (E.D. Pa. Dec. 28, 2006) (quoting *Weber v. Basic Comfort, Inc.*, 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001)). Yet Plaintiffs face a lawsuit in Monroe County, regardless. *Turner Construction Co. v. Independence Excavating, Inc.*, Civ. A. No. 16-337, 2016 WL 1408120, at *1 (W.D. Pa. Apr. 11, 2016) (active litigation in other district weighs in favor of transfer). In the present case, this factor weighs in favor of transfer.

The second private *Jumara* factor, Defendant's preference to litigate the action in the Middle District of Pennsylvania weighs in favor of transfer, although we recognize it is "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *EVCO Tech. and Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003) (citations omitted).

The third *Jumara* factor is whether the claim arose elsewhere. "When the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." *Hamilton v. Nochimson*, 2009 WL 2195138, *3 (E.D. Pa. 2009). As set forth

7

above, a considerable amount of conduct at issue in this case occurred in either in New York, where Defendant's allegedly failed to adequately prepare, inspect and repair the newly purchased vehicle for resale at the defendant's facility in Buffalo, New York. We have no information as to the location or circumstances surrounding representations made by Defendant to the owner of the RV, or the involvement of Plaintiffs in the care and maintenance of the RV, but for those previously described. This factor is neutral as to whether transfer is appropriate.

The fourth private *Jumara* factor is the convenience of the parties as indicated by their relative physical and financial condition, weighs in favor of transfer. All of the parties in this case are also defendants in the state court action arising out of the same RV fire incident. Presumably they will be deposed there. Defendant's employees in New York are alleged to have made repairs and assessed whether there was a defect in the fuel system or engine once plaintiff returned to the dealership due to the odor. The difference in distance from their New York location to Pittsburgh as opposed to Monroe County is not that great. The depositions and other discovery in both actions will be duplicative.

The fifth private *Jumara* factors is the convenience of the non-party witnesses. The convenience of non-party material witnesses "is a particularly significant factor in a court's decision whether to transfer." *Idasetima v. Wabash Metal Prods., Inc.,* No. 01–97, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001). Thus far the only non-party witnesses that may be called in this case appears to be the plaintiff in the state case, Christopher Chmielnicky. Presumably others who saw, responded to and administered aid in response to the fire may also serve as witnesses as to causation as well as damages. Plaintiff mentions that videos of the fire were taken at the scene. We simply do not know at this juncture who the non-party material witnesses are. As this factor neither favors nor undermines transfer, I give it no weight.

As to the sixth private Jumara factor, the location of the books and records, is neutral. Generally, this factor is given little weight "as technological advances 'have shortened the time it takes to transfer information, reduced the bulk or size of documents or things on which information is recorded ... and have lowered the cost of moving that information from one place to another.'" *Papbst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 443 (D. Del. 2015) (quoting *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, No. 01-199, 2001 WL 1617186, at *3 (D. Del. 2015)).

In addition, the Court concludes that "all other practical problems that make trial of a case easy, expeditious and inexpensive" for the parties weigh heavily in favor of transfer. This Court, as explained below, is operating with six District Judge vacancies. The primary witnesses to the fire and those involved in the RV sale, other than plaintiffs, have no connection to Pittsburgh and may or may not be compelled to testify in this Court at trial, the Court concludes that resolution of this case would be easier, faster, and less expensive for the parties if transferred to the Middle District of Pennsylvania.

As a result, after balancing the private *Jumara* factors the Court is in agreement that transfer is appropriate.

The public *Jumara* factors include: (1) the enforceability of the judgment; (2) practical judicial economy considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d. at 879-80. Like the private factors, the public *Jumara* factors weigh in favor of transfer.

The Court agrees the Middle District of Pennsylvania has a greater interest than this

9

district in resolving this matter and is best selected to enforcing judgment involving these parties. Thus, the first and fourth public *Jumara* factors weigh in favor of transfer. In addition, the second public *Jumara* factor – practical judicial economy considerations that could make trial easy, expeditious, or inexpensive – weighs in favor of transfer.  See *Howmedica,* 867 F.3d 390, 402 n. 7 (citing *Atlantic Marine*, 134 S. Ct. 581 & n. 6).  Under the circumstances, the Court concludes that this factor is informed by the fifth private *Jumara* factor (the convenience of the witnesses), and also, the fact that this action has been before the Court for a relatively short period of time. A transfer will not significantly disrupt the litigation or result in a waste of judicial resources. *Coppola v. Ferrellagas, Inc*., 250 F.R.D. 195, 200 (E.D. Pa. 2008) (quoting *Zokaites v. Land-Cellular Corp*., 424 F.Supp.2d 824, 841 (W.D. Pa. 2006)).

With respect to the third public *Jumara* factor, court congestion, this Court has previously acknowledged that it "is presently operating with four empty District Judge seats, out of a total of ten seats, with three of those seats being vacant for" approximately four years.  *See, e.g., Cypress Ins., Inc.,* 2017 WL 1541892, *5; *see also Washington Frontier League Baseball, LLC v Frontier Prof. Baseball, Inc.*, 2017 WL 565001, at *3 (W.D. Pa. Feb. 13, 2017) (noting that "[i]t is unknown when the vacancies may be filled and it is likely that there will be another vacancy on this Court in the near future").  Since those opinions were issued, the congestion has increased; we now have six vacancies; there are no vacancies in the Middle District of Pennsylvania.  http://www.uscourts.gov/judges-judgeships/judicial-vacancies/current-judicial-vacancies.  Thus, this third public *Jumara* factor weighs in favor of transfer.

The Court already discussed the fourth public *Jumara* factor, the local interest in deciding local controversies at home. As noted above, it weighs in favor of transfer.  *Turner Constr. Co. v. Independence Excavating, Inc.*, 2016 WL 1408120, at *3 (W.D. Pa. Apr. 11, 2016).  The parties

do not discuss with any particularity the fifth public *Jumara* factor, the respective public policies of the fora. The Court will, therefore, assume that it is neutral. *Wagner v. Olympus Am., Inc.,* 2016 WL 3000880, *7 (E.D. Pa. 2016).

Finally, the Court concludes that the sixth public *Jumara* factor, the familiarity of the trial judge with the applicable state law in diversity cases, is neutral, as both would have familiarity with the applicable law of the Commonwealth of Pennsylvania, assuming the provisions of any contract have no choice of law provision.

III.   CONCLUSION

In conclusion, the public *Jumara* factors, like the private *Jumara* factors, weigh in favor of transferring the case to the United States District Court for the Middle District of Pennsylvania. On balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to that forum.

AND NOW, to-wit, this 2 9th day of January, 2018, it is hereby ORDERED that the Motion to Change Venue filed on behalf of Defendant Colton Auto, Inc. [ECF No. 11] is hereby GRANTED. This action hereby is transferred to the United States District Court for the Middle District of Pennsylvania forthwith. The Clerk of Court shall mark this case as CLOSED.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:  record counsel via CM-ECF electronic notice